# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**FREDERICK LEE PHAM,**
    **Petitioner,**

  v.              Case No. 07C0414

**STEVE WATERS, Director,**
**Sand Ridge Secure Treatment Center,**
    **Respondent.**

## DECISION AND ORDER

On May 4, 2007, Frederick Lee Pham filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Interstate Agreement on Detainers. Petitioner contends that Wisconsin had only temporary custody of him while he was in a Wisconsin prison. Therefore, he argues, when he was paroled by Wisconsin, Wisconsin was required by the IAD to return him to Nevada and his civil commitment violated the temporary custody provisions of Article III of the IAD.

### I. BACKGROUND

In 1975, Petitioner committed sexual acts that led to criminal charges in Milwaukee County. Petitioner left Wisconsin prior to his arrest on those charges. In 1977, petitioner was convicted of murder in Nevada and sentenced to life in prison. In October 1987, the Nevada Department of Prisons informed petitioner that Wisconsin had filed a detainer against him based on pending charges in Milwaukee County. Petitioner executed a "Request for Disposition of Indictments, Informations or Complaints," pursuant to IAD Article III, Wis. Stat. § 976.05(3). Petitioner's Request for Disposition asked for "final disposition of all untried indictments, informations or complaints on the basis of which

detainers have been lodged." Subsequently, Nevada sent petitioner to Wisconsin to face criminal charges.

A Wisconsin jury found Petitioner guilty of both indecent behavior with a child and sexual perversion. The circuit court imposed consecutive indeterminate sentences, not to exceed a total of fifteen years, and ordered the sentences to be served consecutively to petitioner's life sentence in Nevada. Petitioner was then returned to Nevada to continue incarceration there. In October 1990, Petitioner was paroled by Nevada. The Parole Agreement stated as a condition, "Parole to Wisconsin Detainer." Wisconsin then took custody of Petitioner and brought him to Wisconsin for confinement in a Wisconsin prison. Petitioner's mandatory release date from a Wisconsin prison was scheduled for October 28, 1997. Prior to his release, Nevada wrote petitioner advising him to contact the Nevada Division of Parole and Probation upon his release. However, on the date of his scheduled release, Wisconsin initiated a ch. 980 proceeding to commit petitioner as a sexually violent person. A jury found petitioner to be a sexually violent person, and the Milwaukee County Circuit Court committed him to a secure mental health facility. Petitioner's commitment was upheld on direct appeal. State v. Pharm, 238 Wis.2d 97 (2000).

Petitioner moved, pursuant to Wis. Stat. § 806.07(1)(h), to vacate the judgment on the grounds that his commitment violated the Uniform Criminal Extradition Act (UCEA), Wis. Stat. § 976.03. The circuit court denied the motion and the court of appeals summarily affirmed. State v. Pharm, No. 2001AP2835, unpublished slip op. (Wis. Ct.App. April 8, 2003). Next, petitioner filed a federal habeas corpus petition claiming a violation of the IAD. Judge Randa dismissed the petition for failure to exhaust state remedies.

Petitioner then filed a habeas action in state court, alleging his ch. 980 commitment violated the IAD. The circuit court denied petitioner's habeas petition, which decision was affirmed by the court of appeals. State ex rel. Pharm v. Bartow, 287 Wis.2d 663 (2005). In so concluding, the court of appeals held that petitioner had no right to be returned to Nevada or to expect immunization from potential commitment proceedings under ch. 980. Id. The Supreme Court of Wisconsin granted review and affirmed the decision of the court of appeals. State ex rel. Pharm v. Bartow, 727 N.W.2d 1 (Wis. 2007).

## II. ANALYSIS

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, I must give the case prompt initial consideration.

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims.

The threshold question with respect to this petition is whether I must dismiss it pursuant to 28 U.S.C. § 2244 because it is "second or successive." Section 2244(b) provides that a habeas petitioner may not file a second or successive habeas petition in a federal district court until he has moved "in the appropriate court of appeals for an order authorizing the district court to consider the application." It is clear that petitioner has filed at least one previous habeas petition regarding the IAD. However, petitioner alleges, and the state supreme court decision indicates, that Judge Randa dismissed the petition due to petitioner's failure to exhaust state court remedies. A dismissal due to a petitioner's

3

failure to exhaust without an adjudication on the merits is not a "second or successive" petition. Slack v. McDaniel, 529 U.S. 473, 489 (2000). Thus, I will proceed to the merits of petitioner's claims.

A state prisoner may obtain federal habeas corpus relief "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). While the IAD is a Wisconsin state law, it is also a law of the United States. Carchman v. Nash, 473 U.S. 716, 719 (1985). Habeas review is available to check violations of federal laws when the error qualifies as "a fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428 (1962). Hill controls collateral review-under § 2254 when the IAD is the basis for the postconviction attack. Reed v. Farley, 512 U.S. 339, 340 (1994). In Reed, the Court held that in order to meet this standard a mere technical violation would be insufficient and that there must be some "aggravating circumstances." Id. at 354. Reed also held that a state court's failure to observe the timeliness provisions of the IAD is not cognizable under § 2254 when the defendant registered no objection. Id.

On the basis of the preliminary materials I have before me, it is unclear if petitioner can meet the high burden imposed for review under Hill, or how Reed affects his Article III IAD claims. However, because it appears as if petitioner has stated at least cognizable constitutional claims I will allow the claims to proceed.

4

**IT IS ORDERED** that within 30 days of the date of this order respondent **ANSWER** the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion with its answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief with its answer, this briefing schedule will be suspended and the briefing schedule will be as follows: (1) petitioner shall have 45 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 30 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent, no matter whether in letter, brief, memorandum, or other form.

5

Case 2:07-cv-00414-LA   Filed 07/09/07   Page 5 of 6   Document 3

Until respondent files his or her answer, these copies should be sent to Gregory Weber at the address below. Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondents and to the Attorney General for the State of Wisconsin, c/o Gregory Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

Dated at Milwaukee, Wisconsin, this 5 day of July, 2007.

/s_____
LYNN ADELMAN
District Judge